EDWARD C. QUIGG and Another, Appellants, *v.* GEORGE K. TREADWAY and Others, Respondents.

Second Department, December 9, 1927.

Boundaries — action to determine boundaries — plaintiffs estopped to question actual location of boundary line acquiesced in by plaintiffs' grantor and defendants, and pointed out to plaintiffs.

Where, in an action to determine a boundary line between two adjacent lots shown on a map duly filed, there is a shortage between the distance shown on the map and the actual distance on the ground between two streets, the mere fact that measuring from one street to the other carries the line into the street, does not show that the grantor of a lot at the corner of that street attempted to convey a portion of the street.

Where plaintiffs' grantor and defendants, owners of adjacent lots, acquiesced for several years in the actual location of the boundary line between them by iron monuments, plaintiffs' grantor and plaintiffs are estopped to dispute such actual location, even if erroneous; and where plaintiffs' grantor pointed out to plaintiffs on the property such actual location of such boundary line before conveyance, plaintiffs had actual notice thereof, and are bound thereby.

APPEAL by the plaintiffs, Edward C. Quigg and another, from a judgment of the Supreme Court in favor of the defendants, entered in the office of the clerk of the county of Rockland on the 4th day of April, 1927, upon the decision of the court rendered after a trial at the Rockland Special Term.

*George Tilzer* [*Paul T. Kammerer, Jr.*, with him on the brief], for the appellants.

*Morton Lexow*, for the respondents.

PER CURIAM. The judgment appealed from cannot be sustained upon the ground stated by the learned Special Term in its memorandum. There is no evidence in the record which shows that the deed to lot 49 conveyed or attempted to convey any part of Maltbie avenue. This result was obtained by the defendants' surveyor by measuring from the boulevard north to Maltbie avenue with the result that the distance shown on the Comesky map, 658.54 feet, carried the line 1.54 feet into Maltbie avenue. Had the measurement commenced at Maltbie avenue, it obviously would have carried the line 1.54 feet into the boulevard. These measurements, in either case, prove nothing except that there was a shortage between the map distance and the actual distance on the ground.

But we think that the judgment should be upheld for another reason. The evidence shows that, at some time prior to the conveyance to plaintiffs, the boundary line between lot 50, then owned by the defendant Grotecloss, and lot 51, owned by the defendant Treadway, was uncertain, probably because of the shortage above referred to. The evidence further shows that the defendants Grotecloss and Treadway actually located this boundary line upon the ground by iron monuments, one of which is still there and the location of the other shown by a mark in the concrete driveway. Both the defendants Treadway and Grotecloss acquiesced in this location for several years, and it was never questioned until this action was brought by plaintiffs. After such location, even though erroneous, the defendant Treadway had a good title as against the defendant Grotecloss to the strip of land now in dispute south of the boundary line so actually located. (*Adams* v. *Warner*, 209 App. Div. 394, 398.) The conveyance by the defendant Grotecloss to plaintiffs could, therefore, convey nothing which she did not own, and could not, therefore, convey the strip in question, because, as against the defendant Treadway, she was estopped to assert title thereto and this estoppel was binding upon her grantees, the plaintiffs. Furthermore, the agent of the defendant Grotecloss pointed out to the plaintiffs, prior to

the conveyance to them of lot 50, the actual boundary line and the monuments which located it, and they, therefore, had actual notice thereof.

The judgment should, therefore, be modified by striking out all after the provision which decrees judgment for the defendants, dismissing the complaint, with costs, and substituting in place thereof a provision establishing the boundary line between lots 50 and 51 in accordance with this opinion, and as so modified affirmed, with costs. Findings of fact and conclusions of law inconsistent with this decision are reversed and new findings and conclusions will be made in accordance herewith.

LAZANSKY, P. J., YOUNG, HAGARTY, SEEGER and CARSWELL, JJ., concur.

Judgment modified in accordance with opinion, and as so modified affirmed, with costs. Findings of fact and conclusions of law inconsistent with this decision are reversed and new findings and conclusions will be made in accordance herewith. Settle order on notice.