## (February 4, 1966)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. RICHARD M. LA BELLE, Appellant.— Application by assigned counsel, pursuant to section 308 of the Code of Criminal Procedure for allowance for services upon the appeal granted and compensation fixed at $1,200. Gibson, P. J., Herlihy, Taylor, Aulisi and Hamm, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. CHARLES ADELBERT FOSTER, Appellant.— Application for permission to proceed as a poor person and assignment of counsel upon appeal from order denying motion to inspect Grand Jury minutes and dismiss indictment denied, and purported appeal dismissed. The order is not appealable (Code Crim. Pro., § 517). Gibson, P. J., Herlihy, Taylor, Aulisi and Hamm, JJ., concur.

## (February 8, 1966)

■ CORLOUS H. FISHER et al., Appellants, v. ARTHUR MACVEAN et al., Respondents.— HAMM, J. The plaintiffs appeal from a judgment of the Supreme Court after trial without a jury in an action involving essentially a boundary-line dispute. The premises of the parties are located on the south side of a street in the Town of Johnstown in Fulton County. The respondents' lot is east of the appellants' lot and it is the location of the line between the two lots that is in dispute. The boundary line as testified to by the appellants' surveyor ran through the southwest corner of the respondents' house, which had been on the premises for more than 40 years, and also placed on the appellants' property a chicken house constructed in 1923 by a predecessor in title of the respondents. In addition to the respondents' evidence of adverse possession, upon which the trial court properly relied, there was ample proof of practical location of the boundary line between the lots, including the erection of a fence, planting of a hedge row along the line now claimed by the respondents and the former existence of pipes located at the north and south ends of that line. A practical location of a boundary line and an acquiescence therein for more than the statutory period is conclusive of the location of such boundary (*Wentworth* v. *Braun,* 78 App. Div. 634, affd. 175 N. Y. 515; *Van Dusen* v. *Lomonaco,* 24 Misc 2d 878). It is conclusive although such line may not in fact be the true line according to the calls of the deeds of the adjoining owners (*Fallone* v. *Gochee,* 9 A D 2d 569, mot. for lv. to app. den. 7 N Y 2d 708; *Quigg* v. *Treadway,* 222 App. Div. 164, affd. 249 N. Y. 543; *Katz* v. *Kaiser,* 154 N. Y. 294; 6 N. Y. Jur., Boundaries, § 82). "And a boundary once located and openly adhered to by contiguous owners cannot be disturbed and relaid by a subsequent owner." (*Smith* v. *Stacey,* 68 App. Div. 521, 527.) We find there was acquiescence for more than the statutory period in the practical location of the boundary line between the appellants' property and the respondents' property as the trial court found the boundary to be in its decision and judgment. Judgment affirmed, with costs. Gibson, P. J., Reynolds, Taylor and Aulisi, JJ., concur.