■ DONALD WINCHELL, Respondent, v VICTOR MIDDLETON et al., Appellants. [641 NYS2d 208] —Casey, J. Appeal from an order of the County Court of Washington County (Berke, J.), entered January 10, 1995, which, *inter alia*, dismissed the counterclaims in defendants' second amended answer.

Plaintiff commenced this action pursuant to RPAPL article 15, claiming title to an island in the Hudson River near Fort Edward in Washington County based upon adverse possession. Plaintiff also sought an order expunging from the records of the Washington County Clerk's office a quitclaim deed which transferred the grantor's interest in the island to defendants. Defendants answered, claiming title to the island by adverse possession. After discovery was completed, the parties moved for summary judgment on their competing claims to the island. County Court granted plaintiff's motion to the extent of ordering that the quitclaim deed be expunged and dismissed plaintiff's claim of title by adverse possession. County Court also dismissed defendants' claim of title by adverse possession. Only defendants appeal from the order.

Defendants' only argument on appeal is that County Court erred in dismissing their adverse possession claim. Defendants concede that their claim is not founded upon a written instrument and, therefore, they were required to establish possession and occupancy of the island by evidence that the property was either "usually cultivated or improved" or "protected by a substantial inclosure" (RPAPL 522). Any claim founded upon adverse possession must be established by the stringent and demanding standard of clear and convincing proof (*see, Esposito v Stackler*, 160 AD2d 1154, 1155). There is no evidence that defendants attempted to protect the island by a substantial enclosure. They claim to have placed "No Trespassing" signs

on the island some time in the 1980s. According to defendants, some unknown person or persons removed the signs. There is no evidence that defendants made any effort to replace the signs. On the issue of improvement and/or cultivation, defendants' evidence establishes only that they undertook reasonable steps to keep the island presentable, such as the removal of debris and dead wood and occasional tree cutting and raking, which is insufficient to establish either improvement or cultivation within the meaning of RPAPL 522 (*see*, *Yamin v Daly*, 205 AD2d 870). Supreme Court correctly dismissed defendants' counterclaims and, therefore, the order should be affirmed.

Cardona, P. J., Mercure, Yesawich Jr. and Spain, JJ., concur. Ordered that the order is affirmed, with costs.