■ HENRY KROL et al., as Trustees of the HENRY and GERTRUDE KROL Revocable Trust Number One, Respondents, v BENJAMIN T. ECKMAN, III, et al., Appellants, et al., Defendants. [681 NYS2d 885] —White, J. Appeal from a judgment of the Supreme Court (Mugglin, J.), entered January 13, 1998 in Otsego County, upon a decision of the court in favor of plaintiffs.

This RPAPL article 15 proceeding evolved out of two conveyances pertaining to a farm located on the east and west side of County Route 44 in the Town of Milford, Otsego County, that was owned by Harry Larson and his wife. In settlement of their matrimonial difficulties, the Larsons in 1975 purportedly conveyed the farm on the west side of the highway to Harry Larson and executed another deed conveying the farm on the east side to their children. Unfortunately, the deeds did not accurately reflect the Larsons' intention since the deed to the children included substantial acreage on the west side of the highway. After Harry Larson's death, his farm was conveyed on April 14, 1978 to plaintiffs Henry Krol and Gertrude Krol. Thereafter, in July 1984, defendants Benjamin T. Eckman, III, and Theresa J. Eckman (hereinafter collectively referred to as defendants) purchased the children's farm. A dispute eventually arose between the parties as to the location of the north/south boundary of their adjoining properties on the west side of the highway. To resolve this dispute, plaintiffs commenced this proceeding in 1996. Following a nonjury trial, Supreme Court awarded plaintiffs title by adverse possession to the lands in dispute. Defendants appeal.

Inasmuch as plaintiffs were not claiming under color of title, they were required to show by clear and convincing evidence that the character of their possession was hostile and under a claim of right, actual, open and notorious, exclusive and continuous for the statutory period of 10 years and that the property was either "usually cultivated or improved" or "protected by a substantial inclosure" (RPAPL 522; *see, Brand v Prince*, 35 NY2d 634, 636; *Winchell v Middleton*, 226 AD2d 1009). The record evidence establishes that the area in dispute consists of approximately 52 acres of which 5 to 10 acres are utilized as a hayfield while the remainder is unsuitable for farming as it is somewhat steep, rugged and wooded. With respect to the hayfield, the credible evidence shows that plaintiffs rented it to several persons from 1978 to the date this action was commenced. In fact, Benjamin Eckman rented it in 1985 and 1986. The evidence regarding plaintiffs' use of the remaining property is that they cut firewood in 1982 or 1983, 1985 and in 1987 or 1988. One witness claimed plaintiffs gave him permission to cut firewood and he believes that he did so in 1986 and again in 1989 or 1990. Plaintiffs further claim that every spring from 1979 to 1996 they used a bulldozer to construct and clear trails in the disputed parcel.

While Supreme Court found that these facts satisfied plaintiffs' burden of proof, we are not bound by its determina-

tion and may render a judgment we find warranted by the facts (*see, Northern Westchester Professional Park Assocs. v Town of Bedford*, 60 NY2d 492, 499). To meet the clear and convincing evidence standard of proof, a party must adduce evidence that makes it highly probable that what he or she claims is what actually happened (Prince, Richardson on Evidence § 3-205, at 104 [Farrell 11th ed]). We agree with Supreme Court that plaintiffs met their burden with respect to the hayfield. That, however, does not entitle them to an award conveying the entire disputed parcel since, under the circumstances here, the area acquired by adverse possession is limited to that actually occupied and possessed (*see, Van Valkenburgh v Lutz*, 304 NY 95, 98; *see also*, 2 NY Jur 2d, Adverse Possession and Prescription, § 11, at 448).

Thus, the question is whether plaintiffs' exercise of dominion and control over the remaining undeveloped land was consistent with acts of possession that ordinary owners of like properties would undertake so as to put defendants on notice of their adverse claim (*see, Ray v Beacon Hudson Mtn. Corp.*, 88 NY2d 154, 159-160). As further refined the issue is whether plaintiffs' use of the property intermittently for several days a year during the 1980s as a source of firewood satisfied their burden of proof. We deem that it did not as such use did not involve activities likely to give notice, like clear cutting or logging merchantable timber on large areas of the property, but rather was confined to thinning out timber in isolated areas of the property which very likely would be unnoticed. Notably, disinterested witnesses who were familiar with the area all testified that they did not observe any logging activity on the subject property. Equally significant is the absence of clear and convincing evidence that plaintiffs carried on this activity after 1988. While plaintiffs further maintained that they annually created and improved trails within the disputed area, we find their proof unconvincing in the absence of evidence, like maps or surveys definitively showing the extent of this activity.

Therefore, applying the appropriate standard of proof, we conclude that plaintiffs' sporadic forays into this undeveloped and not readily accessible land did not establish their continuous use of the land for the statutory period (*see, Cameron Estates v Deering*, 281 App Div 985, *mod on other grounds* 308 NY 24). Moreover, when a written instrument is lacking, timber use will not support an adverse possession award (*see, Hutton v Townsend*, 150 AD2d 972). Accordingly, we shall modify Supreme Court's judgment by limiting it to the area encompassed by the hayfield.

Cardona, P. J., Mercure, Spain and Graffeo, JJ., concur. Ordered that the judgment is modified, on the law and the facts, by reversing so much thereof as awarded plaintiffs title by adverse possession to the entire parcel; the area awarded to plaintiffs is limited to the area encompassed by the hayfield and matter remitted to the Supreme Court for entry of a judgment in accordance with this court's decision; and, as so modified, affirmed.