■ Henry Krol et al., as Trustees of the Henry and Gertrude Krol Revocable Trust Number One, Appellants, v Benjamin T. Eckman III et al., Respondents, et al., Defendants. [759 NYS2d 793] —Mercure, J.P. Appeal from a judgment of the Supreme Court (Dowd, J.), entered February 5, 2002 in Otsego County, which, in an action pursuant to RPAPL article 15, determined the boundaries of certain real property owned by plaintiffs.

In this RPAPL article 15 action, plaintiffs claimed title to approximately 52 acres in the Town of Milford, Otsego County, through adverse possession without color of title. Upon defendants' appeal from a judgment of Supreme Court (Mugglin, J.), awarding plaintiffs title to the entire parcel, this Court determined that plaintiffs demonstrated, by clear and convincing evidence, that they acquired by adverse possession only that portion of the parcel that was used as a hayfield (256 AD2d 945 [1998]). We remitted the matter to Supreme Court for entry of a judgment awarding plaintiffs title to the area encompassed by the hayfield (*id.* at 947-948).

In January 1999, Joanne Crum conducted a survey of the

parcel on behalf of defendants Benjamin T. Eckman III and Theresa J. Eckman (hereinafter collectively referred to as defendants) to determine which portion was improved and cultivated. Plaintiffs objected to defendants' proposed judgment based on the survey. Following a hearing to determine which portion of the parcel constituted a hayfield, Supreme Court concluded that the description of the hayfield provided in the Crum survey should be expanded to include an additional area located immediately south of that described. Crum revised her survey to include this additional area, and this revised survey formed the basis of a motion by defendants to enter a new proposed judgment.

Plaintiffs again opposed entry of the proposed judgment, submitting an affidavit of another surveyor in support of their argument that the metes and bounds description of the survey was inaccurate by 20 feet because the southern edge of a pond used to establish the southerly boundary was surveyed incorrectly. Supreme Court found that Crum's revised survey comported with the court's intention in fixing the southerly boundary, and judgment was entered accordingly. Plaintiffs now appeal.

We affirm. Plaintiffs argue that Supreme Court's decision fixing the boundaries of the hayfield is against the weight of the evidence because the lands in the northwest corner of the property and those to the southeast, south, southwest and west of the pond were cultivated and improved and that title was acquired through adverse possession. Initially, our scope of review is not limited to whether the verdict is against the weight of the evidence (see Cordts v State of New York, 125 AD2d 746, 749 [1986]). Rather, while giving deference to the trial court's assessment of credibility issues, we may independently "weigh the relative probative force of conflicting inferences that may be drawn from the testimony and grant the judgment which, upon the evidence, should have been granted by the trial court" (id. at 749-750 [citations omitted]; see Walsh v State of New York, 232 AD2d 939, 940 [1996]; McGuirk v Ferran, 222 AD2d 943, 945 [1995], lv dismissed and denied 88 NY2d 1003 [1996]).

Here, Crum—who, as plaintiffs concede, Supreme Court determined to be a very credible witness—testified that she was able to distinguish and survey the area that was "improved and cultivated" and that the area to the east, south and west of the pond was characterized by "severe wetness and scrub brush." Crum further testified without contradiction that the fence line that plaintiffs would use to establish the boundary in

the northwest corner of the property was actually 20 to 30 feet inside the woods. In addition, plaintiffs' former tenant testified that he cut hay only in the area on the east side of the pond due to wetness on the west and south sides of the pond, and an employee of the United States Department of Agriculture testified that cropping patterns changed at the southeast edge of the pond. Accordingly, although plaintiffs presented testimony that they cut hay to the south of the pond, we conclude that Supreme Court properly determined the boundaries of the disputed parcel. Moreover, contrary to plaintiffs' argument, Supreme Court did not misinterpret this Court's intent in remitting for a determination regarding which part of the property was "encompassed by the hayfield" (256 AD2d 945, 947 [1998], *supra*).

Crew III, Peters, Rose and Kane, JJ., concur. Ordered that the judgment is affirmed, with costs.