■ ROBERT G. HAZEN, SR. et al., Appellants, v RICHARD H. HAZEN et al., Respondents. [809 NYS2d 659]—

Mugglin, J. Appeals (1) from an order of the Supreme Court (Demarest, J.), entered December 9, 2004 in Franklin County, upon a decision of the court in favor of defendants, and (2) from the judgment entered thereon.

Plaintiff Robert G. Hazen Sr. and defendant Richard H. Hazen are brothers. Plaintiffs and defendants own adjoining farms in the Towns of Moira and Dickinson in Franklin County. In the 1880s, the predecessors in title to the parties conveyed a four-rod wide strip of land along the approximate boundary between the farms to the Northern Adirondack Railroad Company. When the railroad was abandoned in 1937, plaintiffs' farm was owned by Byron Mosher and defendants' farm was owned by Harold Hazen, the father of Robert and Richard. In approximately 1938, after the railroad removed its fences and the tracks, by mutual agreement, Harold Hazen and Byron Mosher constructed a post and wire boundary fence along the center line of the railroad property and, thereafter, each maintained 50% of the fencing. Harold Hazen subsequently acquired title to the Mosher farm

and conveyed it to plaintiffs. Defendants acquired their title directly from Harold Hazen. Both parties have continued to maintain 50% of the fence and have used the property up to the fence on each side in their farming operations.

In 1994, plaintiffs acquired a quitclaim deed of the former railroad property. A 2001 survey confirmed the parties' knowledge that, north of County Route 5, the railroad property coincided with the boundary lines as called for by the parties' deeds. However, south of County Route 5, due to a slight bend in the railroad property, a small triangular parcel included within the bounds of plaintiffs' deed lies west of the railroad and adjacent to County Route 5 and a small triangular parcel, included within the bounds of defendants' deed, lies east of the railroad property at the southern end of plaintiffs' farm. The survey also revealed that the fence line, in places, varies from the exact center line of the railroad property. Plaintiffs commenced this RPAPL article 15 action seeking to establish the boundary between the adjacent farms and ownership of the small triangular parcel west of the former railroad land adjacent to County Route 5. Following a nonjury trial, based on the doctrines of adverse possession and practical location, Supreme Court determined that the boundary line was, in fact, the fence which has been maintained in the approximate center of the former railroad property and that the small triangular parcel was the property of defendants. Plaintiffs appeal.

In reviewing this nonjury case, "we independently review the weight of the evidence presented and grant judgment warranted by the record, giving due deference to the trial court's determinations regarding witness credibility" (*Riggs v Benning*, 290 AD2d 716, 717 [2002] [citations omitted]). Review of the record reveals no basis upon which to disturb Supreme Court's decision. It is not disputed that, despite knowledge of the property lines as called for in the deeds, the adjoining neighbors erected the fence in 1938, have continuously maintained it since, and have occupied, for farming purposes, the land up to the fence on both sides. All of the elements of adverse possession have been satisfied and title west of the fence, including the triangular parcel adjacent to County Route 5, has vested in defendants (*see Andersen v Mazza*, 258 AD2d 726, 727 [1999]).

Moreover, Supreme Court's conclusion, that the fence represents the boundary between the two farms, is required by the application of the doctrine of practical location (*see Markowski v Ferrari*, 174 AD2d 793, 794-795 [1991], *appeal dismissed* 78 NY2d 1061 [1991]). According to this doctrine, "[a] practical location of a boundary line and an acquiescence

therein for more than the statutory period is conclusive of the location of such boundary . . . although such line may not in fact be the true line according to the calls of the deeds of the adjoining owners" (*Fisher v MacVean*, 25 AD2d 575, 575 [1966]). Indeed, as Supreme Court found, this case is a textbook example of the doctrine. The quitclaim deed from the former railroad company to plaintiffs adds nothing to plaintiffs' claim of title because the railroad company lost title by operation of the doctrine of adverse possession in 1958 and had no title to convey. Plaintiffs' claim, that defendants—in repairing and maintaining the fence—have moved it from its original location further into plaintiffs' property, is belied by the record.

Mercure, J.P., Crew III, Peters and Kane, JJ., concur. Ordered that the order and judgment are affirmed, with costs.