■ EDWARD J. KANEB JR. et al., Appellants, v SCOTT LAMAY, Respondent. (And Another Related Action.) [872 NYS2d 224]—

Rose, J. Appeal from an order of the Supreme Court (Demarest, J.), entered November 29, 2007 in St. Lawrence County, upon a decision of the court in favor of defendant.

The parties to these actions own adjacent properties, with plaintiffs' property located west of defendant's property. Plaintiffs sought, among other things, a declaration that they are the owners of 6.91 acres of land (hereinafter the disputed parcel) which lie between the claimed eastern boundary line of their property (hereinafter the tract line) and the claimed western boundary line of defendant's property (hereinafter the old fence line). After a joint nonjury trial, Supreme Court applied the doctrine of practical location to find that the old fence line was the controlling boundary line and that defendant is the owner of the disputed parcel. Plaintiffs appeal.

Initially, plaintiffs contend that Supreme Court erred in applying the doctrine of practical location because defendant did not assert it as an affirmative defense in his answer (see CPLR 3018 [b]). The parties' opening statements, however, reflect that the doctrine was invoked before the trial began, and the record shows that evidence relevant to the doctrine was admitted at trial without objection. Since defendant pleaded the relevant facts, plaintiffs do not claim surprise or prejudice, and they did not claim that the doctrine had been waived until their posttrial memorandum, we find no error in Supreme Court's consideration of the doctrine (see Lerwick v Kelsey, 24 AD3d 918, 919-920 [2005], lv denied 6 NY3d 710 [2006]; Bello v Transit Auth. of N.Y. City, 12 AD3d 58, 61 [2004]; Rogoff v San Juan Racing Assn., 77 AD2d 831, 832 [1980], affd 54 NY2d 883 [1981]).

Nor are we persuaded by plaintiffs' argument that Supreme Court misapplied the doctrine of practical location in deciding who owns the disputed parcel. It is well settled that "the practical location of a boundary line and an acquiescence of the parties therein for a period of more than [the statutory period governing adverse possession] is conclusive of the location of the boundary line" (Wentworth v Braun, 78 App Div 634, 635 [1903], affd 175 NY 515 [1903]; see Katz v Kaiser, 154 NY 294, 298 [1897]; Baldwin v Brown, 16 NY 359, 363 [1857]; Hazen v Hazen, 26 AD3d 696, 697-698 [2006]; Riggs v Benning, 290 AD2d 716, 717-718 [2002]). If proven, the practical location is controlling even where, as here, the boundary line that it establishes is not the line originally described in the deeds of the parties' predecessors (see Konchar v Leichtman, 35 AD2d 890, 890 [1970]; Fisher v MacVean, 25 AD2d 575, 575 [1966]).

While the deeds by which the parties acquired their properties purport to include the disputed parcel, a much earlier deed from Mary Smith and others to Kiah Parker confirms that the boundary line between the parties' properties was in dispute in 1845. This dispute apparently was resolved two years later when the 1847 deed from Kiah Parker and Chloe Parker to Stephen Parker, plaintiffs' predecessors, conveyed only up to the western boundary line claimed by Joseph Ripley, defendant's predecessor. At the very least, the 1847 deed demonstrates acquiescence by its grantors in the boundary line's location approximately 150 feet west of the tract line. In addition, plaintiffs offered no evidence that the disputed parcel was reconveyed to one of their predecessors after 1847. More recent acquiescence was shown through testimony that a survey performed in 1958 by Howard Smith depicted the old fence line as the western boundary of the land owned by defendant's predecessor. The Smith survey is

referenced in the 1961 deed from Ellen Raymond to Ruth Raymond and Ellen Raymond, who are defendant's predecessors, and at trial, the parties' surveyors confirmed that boundary markers were found in the old fence line as depicted in the Smith survey. In addition, other deeds showed that, in 1976 and 1983, plaintiffs' predecessors referred to the old fence line as the western boundary of what became defendant's property. The expert evidence further established that the old fence line demarcated two areas of different occupation in the past and that the western boundary of the disputed parcel cited in the 1847 deed was in fact the old fence line. On this record, we concur in Supreme Court's determination that, as a matter of law, there had been such a long-standing acquiescence in the old fence line as the eastern boundary of what became plaintiffs' land that it is the effective boundary line even though the original tract line was located further east (*see e.g. Fisher v MacVean*, 25 AD2d at 575).

Finally, we also find that the record supports Supreme Court's conclusion that plaintiffs failed to produce clear and convincing evidence of continuous, exclusive and hostile possession of the disputed parcel sufficient to establish their ownership by adverse possession (*see Walling v Przybylo*, 7 NY3d 228, 232 [2006]).

Peters, J.P., Kane and Kavanagh, JJ., concur; Spain, J., not taking part. Ordered that the order is affirmed, with costs.