■ TIMOTHY J. ROBERT et al., Appellants, v HOLLY SHAUL et al., Respondents. [879 NYS2d 240]—

Malone Jr., J. Appeal from a judgment of the Supreme Court (Devine, J.), entered December 3, 2007 in Schoharie County, upon a decision of the court in favor of defendants.

Plaintiffs and defendants own adjacent parcels of real property in the Town of Fulton, Schoharie County. Plaintiffs' property is located to the west and defendants' property is located to the east. A fence runs in a northerly direction close to the boundary line between the properties, but lies entirely on defendants' property. The small strip of land that exists between the boundary line and the fence (hereinafter referred to as the disputed parcel) is in dispute.

Plaintiffs acquired their property in 1988, at which time they had it surveyed, and they incorporated the survey into the deed description. At that time, Keith Nelson owned the adjacent property to the east upon which he had previously placed a fence near the boundary line for the purpose of keeping his cattle from straying. While he owned the property, Nelson granted permission to plaintiffs to use the disputed parcel. Plaintiffs, in turn, used it by, among other things, planting vegetation and erecting a swing set. In 2004, following Nelson's death, defendants acquired his property. Thereafter, a disagreement developed between plaintiffs and defendants regarding plaintiffs' use of the disputed parcel, which culminated in a letter from defendants revoking plaintiffs' permission to use it.

As a result, plaintiffs commenced this action to obtain title to the disputed parcel by adverse possession or by accession. Following joinder of issue, defendants moved for summary judgment dismissing the complaint. Supreme Court (Lamont, J.) partially granted the motion by dismissing plaintiffs' adverse possession cause of action, but declined to dismiss plaintiffs' cause of action based upon the doctrine of practical location and

acquiescence.* Following a bench trial, Supreme Court (Devine, J.) rendered judgment in favor of defendants. Plaintiffs now appeal.

Initially, we do not find that the appeal is rendered moot by the fact that defendants have removed the original fence and replaced it with one that is located on the boundary line described in the deeds, since the underlying controversy remains whether plaintiffs acquired title to the disputed parcel under the doctrine of practical location (*see Dalton v Pataki*, 5 NY3d 243, 267 [2005], *cert denied* 546 US 1032 [2005]). Turning to the merits, "[i]t is well settled that 'the practical location of a boundary line and an acquiescence of the parties therein for a period of more than [the statutory period governing adverse possession] is conclusive of the location of the boundary line' " (*Kaneb v Lamay*, 58 AD3d 1097, 1098 [2009], quoting *Wentworth v Braun*, 78 App Div 634, 635 [1903], *affd* 175 NY 515 [1903]). Indeed, to be effectual, the acquiescence " 'must be an act of the parties, either express or implied; and it must be mutual, so that both parties are equally affected by it [and i]t must be definitely and equally known, understood and settled' " (*Adams v Warner*, 209 App Div 394, 397 [1924], quoting *Hubbell v McCulloch*, 47 Barb 287, 299 [1866]; *see Riggs v Benning*, 290 AD2d 716, 717 [2002]).

In the case at hand, plaintiffs maintain that they and Nelson agreed that the original fence on the property would function as the boundary line regardless of the deed descriptions or survey and that this agreement was in effect for more than the 10-year statutory period governing adverse possession as was necessary for them to acquire title to the disputed parcel under the doctrine of practical location. The evidence in the record, however, does not support this conclusion. Unrefuted testimony was presented that plaintiffs never removed the pins that were placed on the boundary line at the time their property was surveyed and that they pointed these pins out to defendants after they acquired Nelson's property. Likewise, it is undisputed that plaintiffs offered to purchase the disputed parcel from defendants, but that the offer was not accepted. These actions are inconsistent with plaintiffs' claim that they and Nelson mutually agreed to move the boundary line to the fence location. Furthermore, by plaintiff Linda Robert's own testimony, plaintiffs characterized their arrangement with Nelson as an agreement under which they were allowed "to use" the disputed

---

* It is to be noted that Supreme Court interpreted plaintiffs' cause of action for "accession" as pleading a cause of action based on the doctrine of practical location and acquiescence.

parcel as their own. They did not state that Nelson agreed to give them ownership of the disputed parcel. In view of the foregoing, Supreme Court properly concluded that plaintiffs did not acquire title to the disputed parcel under the doctrine of practical location and dismissed the complaint.

Peters, J.P., Rose, Lahtinen and Garry, JJ., concur. Ordered that the judgment is affirmed, with costs.

