■ MICHAEL MCMAHON, Appellant, v JOHN THORNTON et al., Respondents. [897 NYS2d 247]—

Spain, J.P.

This action arises out of a property dispute between adjoining landowners in the Town of Conklin, Broome County. Defendants bought the property adjoining plaintiff's property in 2000. In 2004 or thereafter, plaintiff made improvements to his property, expanding the width of the driveway and adding a garden. In preparation of constructing a shed on their property, defendants had their property surveyed in 2007 and discovered that plaintiff's driveway and garden encroached upon their land. Defendants immediately informed plaintiffs of the encroachments and assert that plaintiff agreed to take remedial steps.

Shortly thereafter, defendants decided to remove several evergreen trees located near the border between the parties' properties. After defendants removed the first tree, plaintiff commenced this action seeking declaratory relief and damages and obtained a temporary restraining order preventing defendants from further removing trees. In his complaint, plaintiff asserted ownership of the trees and the land on which they are located by adverse possession, but provided no factual allegations supporting that claim other than "[t]hat these trees are owned by the [p]laintiff by adverse possession as he has resided at the present location for a period in excess of twenty years and has always assumed that these trees were jointly owned by himself and the next door neighbors."

Defendants answered and pleaded counterclaims based on the encroachment of plaintiff's garden and driveway. Upon a motion by defendants for summary judgment, Supreme Court denied, without prejudice, that portion of defendants' motion seeking summary judgment dismissing plaintiff's adverse possession

claim, but granted summary judgment to defendants on their counterclaim. The court thus directed plaintiff to remove the encroachments and restore the proper boundary at his own cost by a set deadline.

After plaintiff failed to remove the encroachments, defendants again moved for summary judgment seeking, among other things, counsel fees and to have plaintiff held in contempt of court for failing to comply with the previous order. Supreme Court granted this motion, dismissing plaintiff's entire complaint, giving him 60 additional days to remove the encroachments and reserving decision on whether to award counsel fees following a hearing. Plaintiff appeals and we now affirm.

Summary judgment dismissing the adverse possession claim was properly granted.* To establish ownership of property by adverse possession, the party claiming ownership is required to demonstrate by clear and convincing evidence that "the character of the possession is 'hostile and under a claim of right, actual, open and notorious, exclusive and continuous' for the statutory period of 10 years" (*Ray v Beacon Hudson Mtn. Corp.*, 88 NY2d 154, 159 [1996] [citation omitted], quoting *Brand v Prince*, 35 NY2d 634, 636 [1974]; *see* RPAPL 501). Here, defendants met their initial burden of demonstrating entitlement to judgment as a matter of law by providing documentation establishing that plaintiff's alleged possession was neither of a nature or duration sufficient to sustain an adverse possession claim (*see Patterson v Palmieri*, 307 AD2d 668, 668 [2003], *lv dismissed* 1 NY3d 546 [2003]). Specifically, through a survey and the affidavits of their predecessors in interest and neighbors, defendants demonstrated that the pine trees were planted on their property and have been maintained by defendants or their predecessors in interest.

In response, plaintiff failed to raise a triable issue of fact. His focus on appeal is that conflicting statements made by Kevin Dorin, a predecessor in interest of defendants, create an issue of fact on his adverse possession claim which makes summary judgment inappropriate. Specifically, plaintiff relies on a signed writing by Dorin wherein Dorin acknowledges that plaintiff cared for the trees while Dorin owned the property now owned by defendants. However, even when we take this writing as fact, it is undisputed that Dorin owned the property for less than 10 years. Plaintiff has failed to allege any actions he took before or after Dorin's ownership that could sustain a claim of adverse

---

* On appeal, plaintiff has not challenged Supreme Court's order directing him to remove the driveway and garden encroachments.

possession. Indeed, his own affidavit alleges only that he believed he shared ownership in the trees and is insufficient, on its face, to demonstrate exclusivity or hostility. Simply put, plaintiff did not allege facts sufficient to demonstrate adverse possession and, thus, summary judgment was properly granted (*see Ropitzky v Hungerford*, 27 AD3d 1031, 1032-1033 [2006]; *Andersen v Mazza*, 258 AD2d 726, 727-728 [1999]; *Winchell v Middleton*, 226 AD2d 1009, 1010 [1996]).

Plaintiff's reliance, on appeal, on the theory of "boundary line by acquiescence," better known as the doctrine of practical location (*see Robert v Shaul*, 62 AD3d 1127, 1127-1128 [2009]), is equally unavailing. It is settled law that " '[a] practical location of a boundary line and an acquiescence therein for more than the statutory period is conclusive of the location of such boundary . . . although such line may not in fact be the true line according to the calls of the deeds of the adjoining owners' " (*Hazen v Hazen*, 26 AD3d 696, 697-698 [2006], quoting *Fisher v MacVean*, 25 AD2d 575 [1966]). However, application of the doctrine requires a clear demarcation of a boundary line and proof that there is mutual acquiescence to the boundary by the parties such that it is "definitely and equally known, understood and settled" (*Robert v Shaul*, 62 AD3d at 1128 [citations omitted]). Here, defendants submitted proof that former owners of their property and neighbors always assumed the trees were on defendants' property, and plaintiff has failed to allege facts that would support that the trees in question were mutually understood to reflect the boundary line and that such an understanding persisted for more than 10 years (*see id.* at 1128; *Riggs v Benning*, 290 AD2d 716, 718 [2002]; *cf. Hazen v Hazen*, 26 AD3d at 697).

We do not reach the issue of counsel fees. Supreme Court determined that it would hold a hearing and then determine what, if any, fees would be awarded and, thus, the issue is not ripe for our review (*see City of Plattsburgh v Borner*, 38 AD3d 1047, 1049-1050 [2007]). Indeed, although it is not readily apparent from this record that plaintiff's conduct in filing a complaint to resolve his alleged border dispute rises to a level that would sustain a finding of frivolousness (*see Race v Meyer*, 219 AD2d 67, 71-72 [1996]), the decision to award counsel fees is discretionary and must be made after considering the specific circumstances of the case (*see* 22 NYCRR 130-1.1 [c]; *Citibank [S.D.] v Jones*, 272 AD2d 815, 817 [2000], *lv denied* 95 NY2d 764 [2000]). Accordingly, we leave that matter to Supreme Court to determine whether and to what extent counsel fees are appropriate by setting forth a clearly articulated decision identify-

ing " 'the conduct on which the award is based and the reasons why the court found the conduct to be frivolous and the amount of the award to be appropriate' " (*Household Bank Region I v Stickles*, 276 AD2d 940, 941 [2000], quoting *Citibank [S.D.] v Coughlin*, 274 AD2d 658, 659 [2000], *lv dismissed* 95 NY2d 916 [2000]; *see* 22 NYCRR 130-1.2).

Rose, Malone Jr., Kavanagh and McCarthy, JJ., concur. Ordered that the order is affirmed, with costs.