State of New York
Supreme Court, Appellate Division
Third Judicial Department

Decided and Entered:    October 16, 2014                  517600
_____

ROBERT E. KENNEDY,
                    Appellant,

        v                                   MEMORANDUM AND ORDER

JOHN M. NIMONS et al.,
                    Respondents.
_____


Calendar Date:   September 4, 2014

Before:  Peters, P.J., Stein, Garry, Lynch and Devine, JJ.

                        _____


        Murphy, Burns, Barber & Murphy, Albany (Peter G. Barber of
counsel), for appellant.

        Douglas J. Rose, Pittsfield, Massachusetts, for respondent.

                        _____


Lynch, J.

        Appeal from an order of the Supreme Court (Zwack, J.),
entered July 3, 2013 in Rensselaer County, which, among other
things, denied plaintiff's cross motion for summary judgment.

        Plaintiff commenced this action pursuant to RPAPL article
15 seeking to establish the western boundary line of his property
pursuant to a 2010 survey prepared by a licensed surveyor, Henry
Whitbeck, as subsequently amended in 2012.  Defendants answered
and counterclaimed asserting that plaintiff had encroached on
their property, as reflected in the 2008 survey of Rodney
Michael, also a licensed surveyor.  Defendants moved for partial
summary judgment on the issue of the location of the boundary
line, and plaintiff opposed and cross-moved for summary judgment
seeking a declaration as to the location of the boundary line.
Finding that defendants established the boundary line pursuant to

the 2008 Michael survey, Supreme Court nonetheless denied both motions, finding that plaintiff raised questions of fact as to whether the boundary line had been changed through adverse possession.  Plaintiff now appeals.

We affirm, although for reasons other than as stated by Supreme Court.  In a boundary line dispute, "deeds must be construed in accordance with the parties' intent and extrinsic evidence is admissible to clarify any ambiguities.  Further, references to natural landmarks and artificial monuments take precedence over metes and bounds descriptions" (Mohonk Preserve, Inc. v Ullrich, 119 AD3d 1130, 1131 [2014] [internal quotation marks and citations omitted]).  As the moving party, defendants bore the initial burden of presenting competent admissible evidence demonstrating the absence of any triable issue of fact as to the location of the boundary line (see Quinn v Depew, 63 AD3d 1425, 1428 [2009]).  To do so, defendants relied upon the 2008 survey and supporting affidavits of Michael delineating the western boundary line.  Interestingly, Michael first identified the boundaries of plaintiff's property in 1981, at the request of plaintiff's father and predecessor in title, who passed away in 1996.  Although he did not prepare an actual survey in 1981, Michael stated that he performed a field survey and set the four corners of plaintiff's property following the description in a 1794 deed.  Michael maintained that his location of the western boundary line was consistent with a 1944 survey prepared by A.F. King for a parcel now owned by defendants along plaintiff's western border and a 2002 survey prepared for plaintiff by another licensed surveyor, David Dickinson.  Michael also explained that he performed work for defendants' predecessors in title in 1984 and 1995, reaffirming his findings from 1981.  This proof was sufficient to demonstrate that the western boundary line of plaintiff's property was as delineated in Michael's 2008 survey map, thereby shifting the burden of proof to plaintiff to show otherwise (id. at 1428-1429).

In opposition to defendants' motion and in support of his cross motion for summary judgment, plaintiff submitted the affidavits and survey of Whitbeck.  After performing a deed search and field survey, Whitbeck located plaintiff's property further west than Michael to the Pennroyal Lane bridge culvert in

the northwest corner and to a pipe in a stone pile in the southwest corner, adding more than two acres to the parcel than included in the Michael survey. Whitbeck challenged the accuracy of the Michael survey by pointing to Michael's own 1981 letter explaining that there was a "mathematical, lineal error of closure of 63.71 feet" and that there was "an apparent hiatus" in the northwest corner of plaintiff's property. Whitbeck asserted that Michael relied on an erroneous deed description that transposed the western boundary line from "twenty four chains and eighty links" to "twenty four chains and eight links," a difference of 34.21 feet. Whitbeck also maintained that Michael failed to account for field evidence, including angled rock walls and a wire sheep fence in the northwest corner, and a stone wall south of and perpendicular to Pennroyal Lane that ends at the property line shown on Whitbeck's survey. Moreover, as Whitbeck points out, Michael disregarded the fact that Dickinson amended his 2002 survey in 2006 by adding what Dickinson certified as an "area in question" of 2.03 acres along the western boundary. Neither party submitted an affidavit from Dickinson.

Through this expert evidence, plaintiff met his burden of raising a question of fact as to the location of the boundary line between his property and defendants' property (compare Lavine v Town of Lake Luzerne, 296 AD2d 793 [2002], lv denied 99 NY2d 501 [2002]; City of Binghamton v T & K Communications Sys., 290 AD2d 797, 799 [2002], lv dismissed 98 NY2d 685 [2002]). However, since Michael countered that Whitbeck's survey was fundamentally flawed, neither party established a basis for summary judgment. Michael explained that the "pipe in the stone pile" is not an identified monument in plaintiff's deed and actually marked the northwest corner of property adjacent to and south of plaintiff's property, not the southwest corner of plaintiff's property. Michael further countered that his survey comported with a "compilation of deeds" survey and accurately accounted for the evidence in the field. Given this divergent expert evidence, factual issues have been presented as to the location of the western boundary that necessitate resolution at trial.

We also reject plaintiff's contention that Supreme Court should have granted his cross motion for summary judgment based

on the doctrine of practical location.[1]  By this doctrine, "'[a] practical location of a boundary line and an acquiescence therein for more than the statutory period is conclusive of the location of such boundary . . . although such line may not in fact be the true line according to the calls of the deeds of the adjoining owners'" (Hazen v Hazen, 26 AD3d 696, 697-698 [2006], quoting Fisher v MacVean, 25 AD2d 575, 575 [1966]).  For the doctrine to apply, there must be "a clear demarcation of a boundary line and proof that there is a mutual acquiescence to the boundary by the parties such that it is 'definitely and equally known, understood and settled'" (McMahon v Thornton, 69 AD3d 1157, 1160 [2010], quoting Robert v Shaul, 62 AD3d 1127, 1128 [2009]).  Although plaintiff submitted proof that his family used the disputed area for decades as part of their goat farm, the evidence falls short in establishing as a matter of law that the parties mutually agreed upon a defined boundary line (compare Kaneb v Lamay, 58 AD3d 1097 [2009], lv denied 12 NY3d 709 [2009]).  The fact that defendants' caretaker agreed that Whitbeck's boundary line was accurate does not establish that defendants' predecessors in title mutually agreed to that boundary.  For the reasons set forth above, plaintiff's cross motion was properly denied.

Peters, P.J., Stein, Garry and Devine, JJ., concur.

---

[1]  While defendants failed to preserve the argument that plaintiff was precluded from asserting inconsistent positions on his cross motion, given that plaintiff cross-moved for summary judgment declaring the location of the boundary line and that the boundary line may also be determined via the practical location doctrine, plaintiff did not pursue inconsistent theories of recovery.

ORDERED that the order is affirmed, with costs.



ENTER:

Robert D. Mayberger
Clerk of the Court