*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  May 12, 2016                    521832
_____

JAMES T. LOUNSBURY,

                    Appellant,

          v                                MEMORANDUM AND ORDER

RANDALL J. YEOMANS,

                    Respondent.
_____


Calendar Date:  March 25, 2016

Before:  McCarthy, J.P., Garry, Lynch, Devine and Clark, JJ.

                      _____


          Biscone Law Firm, Ravena (Carmen M. Warner of counsel), for
appellant.

          Ianniello Anderson, PC, Clifton Park (Matthew I. Mazur of
counsel), for respondent.

                      _____


Garry, J.

          Appeal from an order of the Supreme Court (Platkin, J.),
entered December 9, 2014 in Albany County, which granted
defendant's motion for, among other things, summary judgment
dismissing the complaint.

          Plaintiff and defendant own adjoining parcels located in
the Town of Westerlo, Albany County.  The northern border of
defendant's parcel forms the southern border of plaintiff's
parcel.  This dispute concerns a 10-foot-wide strip of land
(hereinafter the strip) running parallel with the border between
the two parcels.  Plaintiff asserts that in 2012, a
not-for-profit corporation that had unknowingly held title to the
strip conveyed it to him by quitclaim deed.  Defendant and his
predecessors in interest had previously utilized the strip as a

part of their driveway and as a means to access a garage located in the rear of their property. Plaintiff commenced suit seeking to quiet title and damages for trespass, claiming that defendant had taken steps to prevent him from accessing the strip, including erecting a fence. Defendant answered and asserted counterclaims alleging, among other things, that he had acquired title to the strip and approximately an additional five feet to the north of the strip through the doctrine of practical location. Thereafter, defendant moved for summary judgment dismissing plaintiff's complaint and seeking judgment in his favor on his counterclaims. Supreme Court granted defendant's motion, and plaintiff appeals.

Plaintiff contends that Supreme Court erred in finding that the boundary line between the parcels was conclusively established through the doctrine of practical location. Under this doctrine, "the practical location of a boundary line and an acquiescence of the parties therein for a period of more than the statutory period governing adverse possession is conclusive of the location of the boundary line" (Kaneb v Lamay, 58 AD3d 1097, 1098 [2009] [internal quotation marks, brackets and citation omitted], lv denied 12 NY3d 709 [2009]; see Katz v Kaiser, 154 NY 294, 298 [1897]; Gibbs v Porath, 121 AD3d 1210, 1212-1213 [2014]). Moreover, "application of the doctrine requires a clear demarcation of a boundary line and proof that there is mutual acquiescence to the boundary by the parties such that it is definitely and equally known, understood and settled" (McMahon v Thornton, 69 AD3d 1157, 1160 [2010] [internal quotation marks and citation omitted]).

Here, defendant submitted plaintiff's deposition testimony in support of his motion. Plaintiff had lived continuously upon his property for approximately 23 years, and he acknowledged that, during that time, the occupiers of defendant's parcel had used the strip to access a garage in the rear of their property, and neither plaintiff nor his parents had ever attempted to prevent them from doing so. Plaintiff further acknowledged that there was previously a line of grass running between the two parcels that created the appearance of two separate driveways, and that the remnants of that line were still visible as a

triangular patch or "point" of grass.[1]  Defendant also submitted
an affidavit from a neighbor who had lived across the street for
approximately 50 years.  This neighbor confirmed that there had
been a line of grass that ran between the parties' parcels, and
that it had appeared that the occupants had always agreed that
their respective driveways were on either side of that line.
Finally, plaintiff submitted the affidavit of defendant's
immediate predecessor in interest, who had lived on the property
for approximately 40 years and had later rented it to tenants.
This witness stated that, throughout his involvement with the
property, the occupants of the two parcels had always mutually
agreed that the boundary line was located along the line of grass
bisecting the parcels' driveways.  His affidavit included an
aerial photograph portraying the boundary as a line extending
along the remaining triangular strip of grass.

     We agree with Supreme Court that this evidence was
sufficient to meet defendant's prima facie burden of
demonstrating that a clear boundary line had been mutually agreed
upon by the occupants of the parcels for a period in excess of
the prescriptive period.  In opposition, plaintiff failed to
present evidence sufficient to raise a triable issue of fact.
Accordingly, we find no error in the court's holding that the
boundary line between the parcels was established by the doctrine
of practical location (see Gibbs v Porath, 121 AD3d at 1213-1214;
Hazen v Hazen, 26 AD3d 696, 697-698 [2006]; compare Kennedy v
Nimons, 121 AD3d 1229, 1232 [2014]).

     Next, contrary to plaintiff's claim, defendant laid a
proper foundation for the aerial photographs submitted upon his
motion, by establishing that the photographs were a fair and
accurate representation of the parcels (see People v Patterson,
93 NY2d 80, 84 [1999]; Matter of Barner v Alexander, 55 AD3d

---

     [1] Plaintiff testified that over time much of the grass had
died off as a result of being run over by vehicles.  The
remaining triangular patch of grass is visible in aerial
photographs submitted by defendant and is located approximately
five feet to the north of the strip, as evidenced by the land
survey submitted by plaintiff in opposition to the motion.

1182, 1183 [2008]).  We find no error in the dismissal of plaintiff's cause of action for trespass, as the specific instances alleged occurred on what was determined to be defendant's property.  Finally, defendant's request that a proper description of the parties' boundary be incorporated within the final judgment is properly addressed to Supreme Court (see CPLR 2221 [a]).

McCarthy, J.P., Lynch, Devine and Clark, JJ., concur.


ORDERED that the order is affirmed, with costs.



ENTER:

Robert D. Mayberger
Clerk of the Court