McConnell v Wright (2017 NY Slip Op 05299)





McConnell v Wright


2017 NY Slip Op 05299


Decided on June 29, 2017


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 29, 2017

524121

[*1]ROBERT McCONNELL et al., Respondents,
v
SIDNEY A. WRIGHT et al., Appellants.

Calendar Date: April 26, 2017

Before: McCarthy, J.P., Egan Jr., Rose, Devine and Mulvey, JJ.


Teresa C. Mulliken, Harpersfield, for appellants.
James M. Hartmann, Delhi, for respondents.


Devine, J.

MEMORANDUM AND ORDER
Appeal from an order of the County Court of Delaware County (Lambert, J.), entered September 16, 2016, which granted plaintiffs' motion for summary judgment.
Plaintiffs and defendants own adjoining properties in the Town of Kortright, Delaware County. In 2015, plaintiffs commenced this RPAPL article 15 action seeking a determination that they are the owners of a disputed .42-acre piece of land. Plaintiffs moved for summary judgment following joinder of issue and discovery. County Court granted the motion, and this appeal by defendants ensued.
We affirm. As is relevant here, defendants contended that they were deeded the .42-acre parcel when they acquired the rest of their property from Louis Della Rocca in 1998. Plaintiffs contested that assertion by producing the 1998 deed itself, which
conveys to defendants lots 3, 4 and 5, "containing a total of 27 acres, more or less, [as specified in a] 'Subdivision Map of Lands of Louis M. Della Rocca' [identified] as Map No. 4870" and filed in 1989 with the Delaware County Clerk. The surveyor who prepared map No. 4870 — as well as a survey map filed in 1990 and relied upon by defendants — submitted an affidavit on plaintiffs' behalf in which he opined that the 1998 deed used property descriptions contained in map No. 4870 that did "not include the 0.42 acre parcel." Plaintiffs accordingly asserted that Della Rocca remained the owner of the .42-acre parcel, and produced a 2015 quitclaim deed in which Della Rocca conveyed that parcel to them. In view of this proof, plaintiffs met their initial burden of demonstrating entitlement to summary judgment and shifted the burden to defendants to raise a question of fact (see Dewey v Gardner, 248 AD2d 876, 877-878 [1998]).
Defendants attempted to do so by suggesting that the 1998 deed mistakenly referred to [*2]map No. 4870 rather than the 1990 map, a mistake of relevance because the 1990 map included the .42-acre parcel within lot 4 [FN1]. "Real Property Law § 240 (3) declares that every instrument creating or transferring an estate in real property must be construed in accordance with the parties' intent, which is to be gathered from the instrument as a whole and must be consistent with the rules of law" (Andersen v Mazza, 258 AD2d 726, 727 [1999] [citation omitted]; see 328 Owners Corp. v 330 W. 86 Oaks Corp., 8 NY3d 372, 381 [2007]). The 1998 deed expressly describes the property conveyed as three lots "more particularly described" in map No. 4870. Defendants have never sought to reform the deed description upon the ground of mistake and, as a result, its explicit reference to map No. 4870 ends with the map being "taken as part of the deed" and its calls treated as the deed's boundary description (Town of Brookhaven v Dinos, 76 AD2d 555, 562 [1980], affd 54 NY2d 911 [1981]; see Brainin v New York, New Haven & Hartford R.R. Co., 136 App Div 393, 395 [1910]). Inasmuch as "extrinsic evidence 'may not be used to vary a boundary description or call set forth in a deed' where, as here, the description is unambiguous," defendants' reference to such proof cannot be countenanced (Matter of Save the Pine Bush v Town Bd. of Town of Guilderland, 272 AD2d 689, 693 [2000], quoting Schweitzer v Heppner, 212 AD2d 835, 838 [1995]; see Wechsler v New York State Dept. of Envtl. Conservation, 193 AD2d 856, 859 [1993], lv denied 82 NY2d 656 [1993]; Gross v Cizauskas, 53 AD2d 969, 970 [1976]). Thus, as defendants have failed to raise a material question of fact, County Court properly granted summary judgment to plaintiffs.
McCarthy, J.P., Egan Jr., Rose and Mulvey, JJ., concur.
ORDERED that the order is affirmed, with costs.



Footnotes

Footnote 1: Defendants argued before County Court that, if they were not deeded the .42 acres in 1998, they obtained ownership of it by adverse possession. They did not advance that claim in their appellate brief and have therefore abandoned it (see Miller v Genoa AG Ctr., Inc., 124 AD3d 1113, 1114 n [2015]).