DiLorenzo v Juan Ortoo Holdings, Ltd. (2018 NY Slip Op 02527)





DiLorenzo v Juan Ortoo Holdings, Ltd.


2018 NY Slip Op 02527


Decided on April 12, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 12, 2018

525393

[*1]FRED DiLORENZO et al., Appellants,
v
JUAN ORTOO HOLDINGS, LTD., et al., Respondents, et al., Defendants.

Calendar Date: February 23, 2018

Before: Garry, P.J., Egan Jr., Lynch, Rumsey and Pritzker, JJ.


Maynard, O'Connor, Smith & Catalinotto, LLP, Albany (Justin W. Gray of counsel), for appellants.
Englert, Coffey, McHugh & Fantauzzi, LLP, Schenectady (Peter V. Coffey of counsel), for respondents.


Egan Jr., J.

MEMORANDUM AND ORDER
Appeal from an order of the Supreme Court (Burns, J.), entered September 12, 2016 in Otsego County, which, among other things, denied plaintiffs' motion for summary judgment.
Plaintiffs and defendant Juan Ortoo Holdings, Ltd. own adjoining parcels of real property located in the Town of Hartwick, Otsego County. In 2013, plaintiffs discovered defendant Michael Swatling removing timber from what they believed to be their property, which borders the parcel owned by Juan Ortoo Holdings. Swatling indicated that he had been hired by defendant Steven Stegman, as principle of Juan Ortoo Holdings,
to log and harvest the subject timber. Plaintiffs initially filed a criminal complaint and notified Swatling and Stegman that they were the titled owners of the subject property and promptly posted the area indicating their ownership thereof. Plaintiffs allege that in April 2014 they discovered Swatling again removing valuable timber from their property. Swatling informed plaintiffs that Stegman and Juan Ortoo Holdings had provided him with an updated survey map of the property indicating that Juan Ortoo Holdings was the record title owner of the approximately 34-acre area where the subject logging was being conducted (hereinafter the disputed property). Stegman and Juan Ortoo Holdings had filed this updated survey map with the Otsego County Clerk's office in March 2014.
Plaintiffs thereafter commenced this action seeking to, among other things, quiet title to the property pursuant to RPAPL article 15 [FN1]. Following joinder of issue, plaintiffs moved for summary judgment and Stegman, Juan Ortoo Holdings and Swatling (hereinafter collectively referred to as defendants) opposed the motion and cross-moved for summary judgment seeking a declaration that Juan Ortoo Holdings was the record title owner of the disputed property [FN2]. Supreme Court denied both motions, determining that the conflicting expert affidavits submitted in support of the parties' motions were sufficient to raise a question of fact regarding ownership of the disputed property. Plaintiffs now appeal.
We affirm. In a boundary dispute, deeds "must be construed according to the intent of the parties, so far as such intent can be gathered from the whole instrument, and is consistent with the rules of law" (Real Property Law § 240 [3]; see McConnell v Wright, 151 AD3d 1525, 1526 [2017]; Kennedy v Nimons, 121 AD3d 1229, 1230 [2014]; Mohonk Preserve, Inc. v Ullrich, 119 AD3d 1130, 1131 [2014]). Here, as the moving party, plaintiffs had the initial burden of establishing their ownership of the disputed property. In support of their motion, plaintiffs submitted, among other things, their May 2003 deed wherein their predecessors in interest, defendants Robert Schallert and Joan Schallert, conveyed to them "112.05 acres, more or less" in the Town of Hartwick. Plaintiffs also submitted the affidavit of Duane Sprague, a licensed surveyor, and a copy of a 1976 Otsego County tax map. Sprague opined that the 2003 deed from the Schallerts to plaintiffs conveyed a 112.05-acre parcel of property and defined the boundaries thereof by reference to the 1976 Otsego County tax map parcel No. 162.00-1-22.01. Sprague opined that the disputed property consists of an approximately 45-acre portion of parcel No. 162.00-1-22.01, and the May 2003 deed from the Schallerts to plaintiffs unambiguously included the conveyance of the disputed property. Based on the foregoing proof, plaintiffs met their initial burden demonstrating their entitlement to summary judgment, effectively shifting the burden to defendants to raise a triable issue of fact (see McConnell v Wright, 151 AD3d at 1525-1526; Kennedy v Nimons, 121 AD3d at 1230-1231; Dewey v Gardner, 248 AD2d 876, 877-878 [1998]).
In opposition to plaintiffs' motion and in support of their cross motion for summary judgment, defendants submitted, among other things, the affidavit of Michael Austin, a licensed surveyor, as well as voluminous records of deeds and prior conveyances within Juan Ortoo Holdings' chain of title. According to Austin, when Stegman and Juan Ortoo Holdings purchased their property in 2004 and 2007, respectively, the deeds described the property being conveyed by reference to a 1976 Otsego County tax map, which map erroneously incorporated a boundary line that inexplicably excluded the disputed property. Austin indicates that, absent this erroneous boundary line, a review of Juan Ortoo Holdings' chain of title establishes that the disputed [*2]property was originally part of the real property owned by Stegman and Juan Ortoo Holdings' predecessors in interest. Further, although plaintiffs' and Juan Ortoo Holdings' deeds describe the specific amounts of acreage intended to be conveyed and reference the same 1976 Otsego County tax map, notably, neither deed contains a metes and bounds description of the property that was intended to be conveyed [FN3]. Plaintiffs concede, meanwhile, that the 1976 Otsego County tax map — which both their deed and Juan Ortoo Holdings' deed reference and rely upon — contains an erroneous boundary line that cannot be substantiated by reference to any historical deed, and they acknowledge that the disputed property was never within the Schallerts' chain of title. Accordingly, based on the admittedly erroneous 1976 Otsego County tax map and the divergent opinions of the parties' experts as to ownership of the disputed property, we find that Supreme Court appropriately determined that a triable issue of fact existed precluding summary judgment in favor of either party (see Kennedy v Nimons, 121 AD3d at 1230-1231).
Nor do we find that plaintiffs established their entitlement to summary judgment on their adverse possession claim. In order to succeed on their adverse possession claim, plaintiffs were required to demonstrate by clear and convincing evidence that, for a period of 10 years, their possession of the disputed property was adverse, exclusive, open and notorious, hostile and under a claim of right (see Sawyer v Prusky, 71 AD3d 1325, 1326 [2010]). Here, based on the competing affidavits of plaintiff Fred DiLorenzo and Stegman, there remain questions of fact as to their respective use of the disputed property and, therefore, summary judgment in plaintiffs' favor is precluded.
Garry, P.J., Lynch, Rumsey and Pritzker, JJ., concur.
ORDERED that the order is affirmed, with costs.



Footnotes

Footnote 1: Immediately after commencing this action, plaintiffs moved for and were subsequently granted a preliminary injunction preventing any further removal of timber from the disputed property pending resolution of the parties' property dispute.

Footnote 2: Defendants Robert Schallert and Joan Schallert, the predecessors in interest to plaintiffs, did not file or serve an answer. In May 2015, Supreme Court granted plaintiffs' motion for an order deeming the Schallerts to be in default and granted an inquest that is to be conducted, if necessary, upon resolution of the action with respect to the remaining parties.

Footnote 3: Austin indicates that, commencing in 1989, the historical deed description of the property now owned by Juan Ortoo Holdings was altered from its original metes and bounds description — which included reference to the disputed property — to a description by reference to the erroneous 1976 Otsego County tax map which, for reasons that are unclear from the record, no longer included reference to the disputed property.