MARY KATZ, as Executrix of ABRAHAM KATZ, Deceased, and LOUIS MAIER, Respondents, *v*. JOSEPH KAISER, Appellant.

1. REAL ESTATE — ENCROACHMENT OF BUILDING — EVIDENCE. The evidence as to the fact of encroachment upon adjacent premises by a building examined and *held* to support a finding that there was no encroachment.

2. ENCROACHMENT — COMMON OWNERSHIP — EASEMENT. If the owner of a lot on which there is a building whose wall encroaches upon the adjoining lot acquires title to the adjoining lot, the encroachment ceases; and if he subsequently severs the title to the lots, the adjoining lot is charged with the servitude of the wall, and the title to the dominant lot is not open to the objection that it encroaches upon the adjoining lot.

3. PRACTICAL LOCATION OF BOUNDARIES. A practical location of boundaries, which has been acquiesced in for a long series of years, will not be disturbed.

4. VARIANCE IN DESCRIPTIONS — BOUNDARIES CONFIRMED BY PRACTICAL LOCATION AND COVENANTS IN MORTGAGE. If the owner of a lot makes a practical location of its side boundaries by erecting a building which covers its entire width as described in his deed, and thereafter executes a mortgage, with covenants, intended to cover the entire lot, but which for some unexplained reason describes it as a few inches narrower than described in his deed, such practical location, and the covenants in the mortgage, may be successfully invoked, as against the original owner and

mortgagor and his heirs, to extend to the entire original lot a title acquired through a foreclosure sale, after the practical location has been acquiesced in for between thirty and forty years.

*Katz* v. *Kaiser*, 10 App. Div. 137, affirmed.

(Submitted October 27, 1897; decided November 23, 1897.)

Appeal from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered November 30, 1896, which affirmed a judgment in favor of plaintiff entered upon a decision of the court on trial at Special Term.

The nature of the action and the facts, so far as material, are stated in the opinion.

*John H. Rogan* for appellant. Whatever the intention of Roberts may have been with respect to the premises to be covered by the mortgage to the Mutual Life Insurance Company, nothing passed to the mortgagee under said mortgage except what was described therein. (*Thayer* v. *Finton*, 108 N. Y. 394; *Coleman* v. *M. B. I. Co.*, 94 N. Y. 229 ; *Fitzpatrick* v. *Sweeney*, 56 Hun, 159; 121 N. Y. 707; *Zink* v. *McManus*, 49 Hun, 583 ; *Thomson* v. *Wilcox*, 7 Lans. 376.) The encroachment of three and one-half inches, or three and three-quarter inches, was sufficient to defeat the present action. (*McPherson* v. *Schade*, 149 N. Y. 16.) The vendee is entitled to receive title to the land with four walls to the house, and these should stand on the land conveyed, that the purchaser may acquire an unimpeachable title to all. (*Smithers* v. *Steiner*, 34 N. Y. Supp. 678; *Vought* v. *Williams*, 120 N. Y. 253; *Smyth* v. *McCool*, 22 Hun, 595 ; *Arnseen* v. *Burroughs*, 27 N. Y. Supp. 958; *Stokes* v. *Johnson*, 57 N. Y. 673.)

*Samson Lachman* and *Theodore Baumeister* for respondents. The objection to the title, that the house encroaches in the rear on the neighboring lots, is untenable. (*Tefft* v. *Munson*, 57 N. Y. 97; *M. L. Ins. Co.* v. *Corey*, 135 N. Y. 326; *Havens* v. *Kline*, 51 How. Pr. 82; *Sherman* v. *Kane*, 86 N. Y. 57; *Reed* v. *Farr*, 35 N. Y. 113; *Baldwin* v. *Brown*, 16

N. Y. 359 ; *Meyer* v. *Boyd,* 51 Hun, 291 ; *Breene* v. *Stone,* 5 N. Y. Supp. 5 ; *Ford* v. *Schlosser,* 13 Misc. Rep. 205; *Wilhelm* v. *Federgreen,* 2 App. Div. 483.) The mere existence of an old mortgage, unsatisfied on the public records, does not in itself constitute a valid objection to a title, the presumption being that the mortgage has been paid, or the right of foreclosure cut off by lapse of time. (*Martin* v. *Stoddard,* 127 N. Y. 61 ; *Belmont* v. *O'Brien,* 12 N. Y. 394.)

BARTLETT, J. The plaintiffs, vendors of real estate, seek in this action to compel a specific performance of the contract by the defendant, the purchaser of No. 747 East Ninth street, New York.

Three objections were made to the title, viz., an old unsatisfied mortgage, encroachment of one-half inch on the street and encroachment of half an inch on adjoining lot on the west, in the rear. The trial court found, upon sufficient evidence, that the mortgage does not constitute an incumbrance upon the premises and is presumed to have been paid. Also that the structure upon the premises does not encroach upon the street. The appellant contends that as to the further finding, that there is no encroachment on adjoining property, it is wholly unsupported by evidence.

As the order of the Appellate Division, affirming judgment of trial court, does not show upon its face that the decision was unanimous we will examine this point.

The source of plaintiff's title is one John Roberts, Jr., who, in 1851, took title to a lot of land on the north side of East Ninth street, in the city of New York, twenty-five feet wide in front and rear by ninety-two feet three inches deep, the east line of the lot being ninety-three feet northwesterly from the northwesterly corner of Ninth street and Avenue D. These premises were known as lot No. 115 on a certain map.

In 1880 Roberts executed a mortgage to the Mutual Life Insurance Company, and, for some unexplained reason, he did not follow the description of the deed to him in 1851, but conveyed to that company a lot which is admitted to be wholly

located on original lot No. 115, but is only twenty-four feet eight and one-half inches wide, front and rear, by ninety-two feet three inches deep, and its east line is ninety-three feet two inches westerly from Avenue D. The result was that Roberts retained outside of the description contained in the mortgage two small strips of land within original lot No. 115 as conveyed to him, viz., one on the east two inches wide, and one on the west one and one-half inches wide.

This mortgage was foreclosed in 1892, and the referee executed to Abraham Katz and Louis Maier, the original plaintiffs and vendors, a deed following the description in the mortgage. The contract of sale and the deed tendered defendant also contained the same description.

It was proved at the trial that in the early days of his ownership, Roberts erected a building on the premises. A tenant was sworn who stated that she had lived in the building continuously for thirty-one years, and that the easterly and westerly walls had not been altered or moved during that time; that all of the walls of the house stand just where they stood when she moved in.

The plaintiffs' surveyor swore that the rear of the east wall was ninety-three feet west of Avenue D, and the defendant's surveyor agreed in this measurement. The surveyors differed as to distance of the front end of the east wall west of Avenue D; the plaintiffs' made it ninety-three feet one and three-quarters inches, and the defendant's ninety-three feet three inches. It will thus be observed that there is no question of encroachment on the east.

The plaintiffs' surveyor swore that the house in front was twenty-four feet eight and three-quarters inches wide and in the rear twenty-five feet. The defendant's surveyor made the house in front twenty-four feet six inches wide, and in the rear twenty-five feet and a quarter of an inch. The only possible encroachment on the west under this state of facts is one-quarter of an inch in the rear if defendant's figures are taken as correct, and none whatever if plaintiffs' figures are accurate. The finding of the trial court, that there was no

encroachment on the adjoining premises, is thus supported by evidence and will not be disturbed.

It further appears that Roberts acquired title to the premises on the west (lot No. 116) October 31, 1867, and held it for some years. Any existing encroachment by the building on lot No. 115 ceased at that time, Roberts being the common owner of the land.

A grantee of lot No. 116 under Roberts took the premises charged with the servitude of any encroaching wall. (*Lampman* v. *Milks*, 21 N. Y. 505 ; *Rogers* v. *Sinsheimer*, 50 N. Y. 646 ; *Paine* v. *Chandler*, 134 N. Y. 385.) While we hold that the finding of no encroachment is sustained by the evidence, the point of common ownership shows that the charge of encroachment is without foundation.

The only question remaining is whether the fee to the small strips of land already referred to, which were covered by the description of Roberts' original deed, but omitted in his mortgage to the Mutual Life Insurance Company, is now in the heirs of Roberts, or do the covenants of the mortgage and the practical location of the east and west lines of the premises by the erection of the building between thirty and forty years ago make a complete title in the plaintiffs ?

It is conceded that the only persons who can make a claim of title adverse to the vendors are the heirs at law of Roberts. The uncontradicted evidence clearly shows that between thirty and forty years ago Roberts made a practical location of the boundary lines of lot No. 115, when he erected a building that in the rear was twenty-five feet wide, covering the entire width of the lot he purchased in 1851.

It is the settled rule in this state, resting upon public policy, that a practical location of boundaries which has been acquiesced in for a long series of years will not be disturbed. (*Baldwin* v. *Brown*, 16 N. Y. 359 ; *Ratcliffe* v. *Gray*, 3 Keyes, 510 ; *Reed* v. *Farr*, 35 N. Y. 113 ; *Sherman* v. *Kane*, 86 N. Y. 57, 73.)

SELDEN, J., in *Baldwin* v. *Brown*, reasoned that this rule was not based upon the idea of an agreement, either express

or implied, but rather on the theory that acquiescence is proof of so conclusive a nature that the party is precluded from offering any evidence to the contrary, and, if necessary, the law will presume a conveyance. The learned judge says: "The rule seems to have been adopted as a rule of repose, with a view to the quieting of titles, and rests upon the same reason as our statute prohibiting the disturbance of an adverse possession which has continued for twenty years." It thus follows that Roberts and his heirs are bound by this practical location, and the plaintiffs can give defendant a good title to all of original lot No. 115 conveyed to Roberts in 1851.

It is also clear that when Roberts executed the mortgage to the Mutual Life Insurance Company he intended to convey to the company the building as it then stood upon the premises, and such intention a court of equity will carry out. (*Brookman* v. *Kurzman*, 94 N. Y. 272, 276.) The covenants in the mortgage bound Roberts and his heirs, and may be invoked to protect the title of the plaintiffs.

We think the title tendered to defendant is a marketable one, and that the judgment appealed from should be affirmed, with costs.

All concur.

Judgment affirmed.