■ DAVID JAKUBOWICZ et al., Appellants, v LISA SOLOMON, Respondent. [968 NYS2d 112]—

In an action, inter alia, pursuant to RPAPL article 15 for a judgment declaring that the boundary line between the plaintiffs' and the defendant's adjoining properties is as described in their deeds and to enjoin the alleged encroachment of the defendant's driveway onto the plaintiffs' property, the plaintiffs appeal from an order of the Supreme Court, Westchester County (Adler, J.), entered May 15, 2012, which denied their motion for summary judgment, inter alia, declaring that the description of the boundary line in the deeds for their property and the defendant's property is the legal boundary line between the two properties, declaring that the defendant's driveway curb unlawfully encroaches over the legal boundary line onto their property, directing the defendant to remove the encroaching portion of the driveway, and dismissing the defendant's counterclaim for a judgment declaring that a hedgerow and chain-link fence constitutes the boundary line between the two properties pursuant to the doctrine of practical location.

Ordered that the order is affirmed, with costs.

The plaintiffs commenced this action against the defendant, inter alia, pursuant to RPAPL article 15 for a judgment declaring that the boundary line between their adjoining properties is as described in their deeds and to enjoin the alleged encroachment of the defendant's driveway onto their property. The defendant asserted a counterclaim for a judgment declaring that a hedgerow and chain-link fence running parallel to the recorded boundary line is the legal boundary line under the doctrine of practical location. The plaintiffs moved for summary judgment, and the Supreme Court denied the motion.

Pursuant to the doctrine of practical location, "[a] practical location of a boundary line and an acquiescence therein for more than the statutory period is conclusive of the location of such boundary . . . although such line may not in fact be the true line according to the calls of the deeds of the adjoining owners" (*McMahon v Thornton*, 69 AD3d 1157, 1160 [2010] [internal quotation marks omitted]; *see Katz v Kaiser*, 154 NY

294, 298 [1897]; *Baldwin v Brown,* 16 NY 359, 362-364 [1857]; *Kaneb v Lamay,* 58 AD3d 1097, 1098 [2009]). "[A]pplication of the doctrine requires a clear demarcation of a boundary line and proof that there is mutual acquiescence to the boundary by the parties such that it is 'definitely and equally known, understood and settled' " (*McMahon v Thornton,* 69 AD3d at 1160, quoting *Robert v Shaul,* 62 AD3d 1127, 1128 [2009]; *see Tesone v Hoffman,* 84 AD3d 1219, 1220 [2011]).

Contrary to the plaintiffs' contention, an unknown or disputed boundary line and an agreement between adjoining owners fixing the true boundary line are not required elements for the doctrine of practical location to apply (*see Katz v Kaiser,* 154 NY at 298-299; *Sherman v Kane,* 86 NY 57, 73 [1881]; *Baldwin v Brown,* 16 NY at 362-364; *Bell v Hayes,* 60 App Div 382, 386-387 [1901]; *cf. Harris v Oakley,* 130 NY 1, 5 [1891]; *Wood v Lafayette,* 46 NY 484, 488 [1871]).

Here, in opposition to the plaintiffs' prima facie showing of the location of the recorded boundary line, the defendant submitted evidence raising a triable issue of fact as to whether the parties' predecessors-in-interest mutually acquiesced to the hedgerow and chain-link fence as the boundary line for a period of more than 10 years (*see Rautenstrauch v Bakhru,* 93 AD3d 836 [2012]; *cf. Robert v Shaul,* 62 AD3d at 1128-1129; *Hadix v Schmelzer,* 186 AD2d 239, 240 [1992]). Accordingly, the Supreme Court properly denied the plaintiffs' motion for summary judgment. Dillon, J.P., Angiolillo, Chambers and Hinds-Radix, JJ., concur.