Olowofela v Olowofela (2022 NY Slip Op 02424)

Olowofela v Olowofela

2022 NY Slip Op 02424

Decided on April 13, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 13, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
FRANCESCA E. CONNOLLY
ANGELA G. IANNACCI
PAUL WOOTEN, JJ.

2019-10150 
2020-01107
 (Index No. 2363/15)

[*1]Segun Olowofela, et al., appellants, 
v
Godfrey Olowofela, et al., defendants, 1822 Nostrand Realty, LLC, intervenor-defendant-respondent (and a third-party action).

Stinvil Law PLLC, New York, NY (Frasilie Stinvil of counsel), for appellants.
Solomon & Siris, P.C., Garden City, NY (Bill Tsevis of counsel), for intervenor-defendant-respondent.

DECISION & ORDER
In an action, inter alia, to set aside a deed to real property, the plaintiffs appeal from (1) an order of the Supreme Court, Queens County (Rudolph E. Greco, Jr., J.), entered June 27, 2019, and (2) an order of the same court entered November 27, 2019. The order entered June 27, 2019, insofar as appealed from, granted that branch of the motion of the intervenor-defendant 1822 Nostrand Realty, LLC, which was, in effect, for summary judgment dismissing the complaint to the extent that it sought to set aside a deed to property located at 1822 Nostrand Avenue, Brooklyn, or to impose a constructive trust on that property. The order entered November 27, 2019, insofar as appealed from, denied the plaintiffs' motion pursuant to CPLR 5519(c) for a stay.
ORDERED that the order entered June 27, 2019, is reversed insofar as appealed from, on the law, and that branch of the motion of the intervenor-defendant 1822 Nostrand Realty, LLC, which was, in effect, for summary judgment dismissing the complaint to the extent that it sought to set aside a deed to property located at 1822 Nostrand Avenue, Brooklyn, or to impose a constructive trust on that property, is denied; and it is further,
ORDERED that the appeal from the order entered November 27, 2019, is dismissed as academic; and it is further,
ORDERED that one bill of costs is awarded to the plaintiffs.
The appeal from the order entered November 27, 2019, which, inter alia, denied the plaintiffs' motion pursuant to CPLR 5519(c) for a stay pending appeal was rendered academic by a decision and order on motion of this Court dated January 6, 2020, granting the plaintiffs' motion for that relief.
The plaintiffs commenced this action against, among others, their father, the defendant Godfrey Olowofela (hereinafter Godfrey), seeking, inter alia, to set aside a deed executed in 2009 (hereinafter the 2009 deed), or alternatively, to impose a constructive trust. The 2009 deed [*2]purported to convey, for no consideration, title to property located at 1822 Nostrand Avenue, Brooklyn, from the plaintiff Segun Olowofela (hereinafter Segun) and Godfrey, to Godfrey alone. Several years after purportedly obtaining sole title to the property, Godfrey sold it to the intervenor-defendant 1822 Nostrand Realty, LLC (hereinafter Realty LLC). The plaintiffs alleged in their complaint that Godfrey forged Segun's signature on the 2009 deed.
Realty LLC moved, inter alia, in effect, for summary judgment dismissing the complaint to the extent that it sought to set aside the 2009 deed to the subject property or to impose a constructive trust on that property, based upon the doctrine of laches. By order entered June 27, 2019, the Supreme Court, among other things, granted that branch of Realty LLC's motion. The plaintiffs appeal.
"The essence of the equitable defense of laches is prejudicial delay in the assertion of rights" (Stein v Doukas, 98 AD3d 1026, 1028; see Matter of Schulz v State of New York, 81 NY2d 336, 348). "In order for laches to apply to the failure of an owner of real property to assert his or her interest, 'it must be shown that [the] plaintiff inexcusably failed to act when [he or] she knew, or should have known, that there was a problem with [his or] her title to the property. In other words, for there to be laches, there must be present elements to create an equitable estoppel'" (Stein v Doukas, 98 AD3d at 1028, quoting Kraker v Roll, 100 AD2d 424, 432-433). "Equitable estoppel arises when a property owner stands by without objection while an opposing party asserts an ownership interest in the property and incurs expense in reliance on that belief" (Bank of Am., N.A. v 414 Midland Ave. Assoc., LLC, 78 AD3d 746, 750).
Here, accepting the premise, adopted by both parties, that the defense of laches is available in an action concerning an allegedly forged deed (compare Faison v Lewis, 25 NY3d 220, 230 n 5, with Stein v Doukas, 98 AD3d 1026), Realty LLC did not meet its prima facie burden of demonstrating the bar of laches as a matter of law. In light of the plaintiffs' deposition testimony as to when they first learned of the allegedly forged 2009 deed, it cannot be said as a matter of law that the plaintiffs inexcusably delayed in asserting a claim to the property (see Bank of Am., N.A. v 414 Midland Ave. Assoc., LLC, 78 AD3d at 750; cf. Stein v Doukas, 98 AD3d at 1028). Indeed, the plaintiffs made Godfrey aware of their claim to the property prior to the sale to Realty LLC.
Accordingly, that branch of Realty LLC's motion which was, in effect, for summary judgment dismissing the complaint to the extent that it sought to set aside the 2009 deed or to impose a constructive trust on the subject property should have been denied without regard to the sufficiency of the plaintiffs' opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
LASALLE, P.J., CONNOLLY, IANNACCI and WOOTEN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court