Watson v Lampkin (2023 NY Slip Op 01154)

Watson v Lampkin

2023 NY Slip Op 01154

Decided on March 02, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 02, 2023

Before: Singh, J.P., Moulton, González, Shulman, JJ. 

Index No. 114873/08 Appeal No. 17441 Case No. 2022-03255 

[*1]Audrey Watson, Plaintiff, One 9 Three 9 Corporation, Plaintiff-Appellant,
v
Vincent Sollazzo Lampkin et al., Defendants-Respondents, Sonbar Properties, Defendant.

Ginsburg & Misk LLP, Queens Village (Christopher Ryan Clarke of counsel), for appellant.
Geovanny Fernandez Attorney at Law, Bronx (Geovanny Fernandez of counsel), for Vincent Sollazo Lampkin, respondent.
John S. James, New York, for Estate of Lillian Lampkin, respondent.

Order and judgment (one paper), Supreme Court, New York County (Alexander M. Tisch, J.), entered June 7, 2022, which, to the extent appealed from, dismissed the complaint and adjudged plaintiff-appellant's interest in the property invalid, unanimously affirmed, without costs.
The trial court correctly concluded that a corporate acknowledgement did not show the requisite proof of corporate authority to convey the property by deed in 1996 (see Galetta v Galetta, 21 NY3d 186, 193-194 [2013]). A deed based on forgery or obtained by false pretenses is void ab initio, as it is "legally impossible for anyone to become a bona fide purchaser of real estate, or a purchaser at all, from one who never had any title" (Marden v Dorthy, 160 NY 39, 56 [1899]; Cruz v Cruz, 37 AD3d 754, 754 [2d Dept 2007]). As there is no evidence, on the face of the deed or otherwise, that the transferor had authority to transfer title to the property, we concur that the trial court properly concluded that the deed was void ab initio. Accordingly, appellant's statute of limitations argument likewise fails, as a deed that is void ab initio is not subject to the statute of limitations (Faison v Lewis, 25 NY3d 220 [2015]).
Because the record reflects that appellant was well aware, at the time it purchased an interest in the property, that there was ongoing litigation regarding the legitimacy of the 1996 transfer, any argument that laches should preclude respondents' claims is unavailing (see generally Olowofela v Olowofela, 204 AD3d 821 [2d Dept 2022]).
We have considered appellant's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 2, 2023