Czenszak v Iasello (2024 NY Slip Op 02519)

Czenszak v Iasello

2024 NY Slip Op 02519

Decided on May 8, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 8, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
WILLIAM G. FORD
BARRY E. WARHIT
LAURENCE L. LOVE, JJ.

2021-03340
 (Index No. 618558/19)

[*1]Robert Czenszak, etc., et al., respondents, 
v
Anthony Iasello, et al., appellants, et al., defendants.

Smith, Finkelstein, Lundberg, Isler & Yakaboski, LLP, Riverhead, NY (Christopher B. Abbott of counsel), for appellants.
Campolo, Middleton & McCormick, LLP, Ronkonkoma, NY (Richard A. DeMaio of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, pursuant to RPAPL article 15 to quiet title and for declaratory relief, the defendants appeal from an order of the Supreme Court, Suffolk County (David T. Reilly, J.), dated March 31, 2021. The order, insofar as appealed from, denied that branch of the motion of the defendants Anthony Iasello and Catherine Iasello which was for summary judgment dismissing the cause of action for declaratory relief regarding the boundary line between the parties' real properties under the doctrine of practical location, searched the record, and awarded summary judgment to the plaintiffs, in effect, declaring that the plaintiffs own a certain strip of land that serves as the boundary line between the parties' adjoining properties under the doctrine of practical location.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In September 2019, the plaintiffs commenced this action, inter alia, pursuant to RPAPL article 15 to quiet title and for declaratory relief against the defendants Anthony Iasello and Catherine Iasello (hereinafter together the defendants), among others. The plaintiffs alleged, among other things, that a cinder block wall forms the boundary line (hereinafter the alleged cinder block wall boundary line) between the parties' adjoining properties under the doctrine of practical location and that a strip of land that lies between the alleged cinder block wall boundary line and the boundary line set forth in the respective deeds to the adjoining properties—which is a small triangular strip of land measuring approximately 4.2 feet at its widest point (hereinafter the disputed property)—is owned by the plaintiffs. The defendants, inter alia, asserted a counterclaim for a judgment, among other things, declaring that the boundary line between the adjoining properties is as described in the respective deeds (hereinafter the recorded boundary line) and that the defendants own the disputed property. The defendants thereafter moved, inter alia, for summary judgment dismissing the complaint and on their counterclaim for a judgment, among other things, declaring that the defendants own the disputed property, and the plaintiffs opposed the defendants' motion. In an order dated March 31, 2021, the Supreme Court denied that branch of the defendants' motion which was for summary judgment dismissing the cause of action for declaratory relief regarding the disputed property under the doctrine of practical location, searched the record, and awarded summary judgment to the plaintiffs, in effect, declaring that the plaintiffs own the disputed property under the [*2]doctrine of practical location. The defendants appeal.
Pursuant to the doctrine of practical location, "'[a] practical location of a boundary line and an acquiescence therein for more than the statutory period is conclusive of the location of such boundary . . . although such line may not in fact be the true line according to the calls of the deeds of the adjoining owners'" (Jakubowicz v Solomon, 107 AD3d 852, 852, quoting McMahon v Thornton, 69 AD3d 1157, 1160; see Katz v Kaier, 154 NY 294). The "'application of the doctrine requires a clear demarcation of a boundary line and proof that there is mutual acquiescence to the boundary by the parties such that it is definitely and equally known, understood and settled'" (Jakubowicz v Solomon, 107 AD3d at 853, quoting McMahon v Thornton, 69 AD3d at 1160 [internal quotation marks omitted]; see Lounsbury v Yeomans, 139 AD3d 1230, 1231).
Although the plaintiffs did not move for summary judgment, "[t]he Supreme Court has the authority, pursuant to CPLR 3212(b), to search the record and award summary judgment to a nonmoving party with respect to an issue that was the subject of the motion" (BSI, LLC v Raimo, 195 AD3d 590, 594 [internal quotation marks omitted]). Under the circumstances of this case, the Supreme Court properly denied that branch of the defendants' motion which was for summary judgment dismissing the cause of action for declaratory relief regarding the disputed property under the doctrine of practical location, searched the record, and awarded summary judgment to the plaintiffs, in effect, declaring that the plaintiffs own the disputed property under the doctrine of practical location. The parties do not dispute that the recorded boundary line is clearly demarcated on the respective deeds to the adjoining properties, and the defendants submitted evidence that established that the parties' respective predecessors in interest mutually acquiesced to the cinder block wall being the boundary line for the adjoining properties for a period of more than 10 years, rather than the boundary line set forth in the deeds (see Waterview Towers, Inc. v 2610 Cropsey Dev. Corp., 181 AD3d 754, 756; Jakubowicz v Solomon, 107 AD3d at 853).
Contrary to the defendants' contention, "an unknown or disputed boundary line and an agreement between adjoining owners fixing the true boundary line are not required elements for the doctrine of practical location to apply" (Jakubowicz v Solomon, 107 AD3d at 853; see Katz v Kaier, 154 NY at 298-299). Rather, "practical location and long acquiescence in a boundary line are conclusive . . . because they are of themselves proof that the location is correct" (Baldwin v Brown, 16 NY 359, 362; see Jakubowicz v Solomon, 107 AD3d at 852).
The defendants' remaining contentions are without merit.
DUFFY, J.P., FORD, WARHIT and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court