Manieri v Ebers (2025 NY Slip Op 05514)

Manieri v Ebers

2025 NY Slip Op 05514

Decided on October 8, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 8, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ROBERT J. MILLER, J.P.
WILLIAM G. FORD
LAURENCE L. LOVE
JAMES P. MCCORMACK, JJ.

2024-00525
 (Index No. 4345/21)

[*1]Mark Manieri, respondent, 
v
Carly Ebers, appellant.

Catania, Mahon & Rider, PLLC, Newburgh, NY (Joseph G. McKay and Jonathan DeJoy of counsel), for appellant.
Bergstein & Ullrich, New Paltz, NY (Stephen Bergstein of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, pursuant to RPAPL article 15 to quiet title to certain real property and for related declaratory relief, the defendant appeals from an order of the Supreme Court, Orange County (E. Loren Williams, J.), dated December 14, 2023. The order, insofar as appealed from, granted that branch of the plaintiff's motion which was for summary judgment declaring that a former fence constituted the boundary line between the parties' adjoining properties pursuant to the doctrine of practical location and denied those branches of the defendant's cross-motion which were for summary judgment dismissing the cause of action for declaratory relief regarding the plaintiff's ownership of certain real property for failure to join a necessary party and as barred by the doctrine of laches.
ORDERED that the order is affirmed insofar as appealed from, with costs, and the matter is remitted to the Supreme Court, Orange County, for the entry of a judgment, inter alia, declaring that the former fence constituted the boundary line between the parties' adjoining properties pursuant to the doctrine of practical location.
The plaintiff and the defendant own adjoining properties located in Greenwood Lake. In June 2021, the plaintiff commenced this action, inter alia, pursuant to RPAPL article 15 to quiet title and for a judgment declaring that he is the owner of a small triangular strip of land that borders his property with the defendant's property (hereinafter the disputed property). In May 2023, the plaintiff moved for leave to amend the complaint to add a cause of action for a judgment declaring that a former fence, which had been located within the area of the disputed property, constituted the boundary line between the parties' adjoining properties pursuant to the doctrine of practical location and for summary judgment on that cause of action. The plaintiff alleged, among other things, that for more than 10 years, the fence had acted as the practical location for the boundary line between the parties' properties until the defendant removed it in 2019. The defendant opposed that branch of the plaintiff's motion which was for summary judgment, contending, inter alia, that the plaintiff failed to establish that a practical boundary line existed between the parties' properties. The defendant also cross-moved, among other things, for summary judgment dismissing the cause of action for declaratory relief regarding the plaintiff's ownership of so much of the disputed property as was located south of the fence line for failure to join a necessary party and as barred by the doctrine of laches. In an order dated December 14, 2023, the Supreme Court, inter alia, granted that branch of the plaintiff's motion which was for summary judgment declaring that the former fence [*2]constituted the boundary line between the parties' adjoining properties pursuant to the doctrine of practical location and denied those branches of the defendant's cross-motion. The defendant appeals.
"Pursuant to the doctrine of practical location, [a] practical location of a boundary line and an acquiescence therein for more than the statutory period is conclusive of the location of such boundary . . . although such line may not in fact be the true line according to the calls of the deeds of the adjoining owners" (Czenszak v Iasello, 227 AD3d 772, 773 [internal quotation marks omitted]; see Katz v Kaiser, 154 NY 294, 298-299; Jakubowicz v Solomon, 107 AD3d 852, 853). "'[A]pplication of the doctrine requires a clear demarcation of a boundary line and proof that there is mutual acquiescence to the boundary by the parties such that it is definitely and equally known, understood and settled'" (Jakubowicz v Solomon, 107 AD3d at 853 [internal quotation marks omitted], quoting McMahon v Thornton, 69 AD3d 1157, 1160; see Lounsbury v Yeomans, 139 AD3d 1230, 1231).
Here, the plaintiff met his burden of demonstrating his prima facie entitlement to judgment as a matter of law by submitting, among other things, surveys, as well as affidavits of the defendant's predecessor in interest and a neighbor of the parties, both of whom stated that the former fence was mutually understood to reflect the boundary line between the parties' properties and that such an understanding persisted for more than 10 years (see Katz v Kaiser, 154 NY at 298; Czenszak v Iasello, 227 AD3d at 774; Waterview Towers, Inc. v 2610 Cropsey Dev. Corp., 181 AD3d 754, 756; Lounsbury v Yeomans, 139 AD3d at 1231-1232; Tesone v Hoffman, 84 AD3d 1219, 1220).
In opposition, the defendant failed to raise a triable issue of fact (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853). Contrary to the defendant's contention, a mistake between adjoining landowners fixing the true boundary line is not a required element for the doctrine of practical location to apply (see Katz v Kaiser, 154 NY at 298; Baldwin v Brown, 16 NY 359, 361). Rather, practical location and long acquiescence in a boundary line are conclusive because they are of themselves proof that the location is correct (see Baldwin v Brown, 16 NY at 362; Jakubowicz v Solomon, 107 AD3d at 852). Accordingly, the Supreme Court properly granted that branch of the plaintiff's motion which was for summary judgment declaring that the former fence constituted the boundary line between the parties' properties pursuant to the doctrine of practical location.
"CPLR 1001 'limit[s] the scope of indispensable parties to those cases and only those cases where the determination of the court will adversely affect the rights of nonparties'" (Blatt v Johar, 177 AD3d 634, 635, quoting Matter of Castaways Motel v Schuyler, 24 NY2d 120, 125). Here, the defendant failed to demonstrate that the alleged necessary party or parties needed to be a party or parties in order for complete relief to be accorded between the plaintiff and the defendant (see CPLR 1001[a]), and also failed to demonstrate that the alleged necessary party or parties would be inequitably affected by a judgment in this action absent their joinder (see Rimberg v Horowitz, 206 AD3d 832, 834; Blatt v Johar, 177 AD3d at 653).
"'The essence of the equitable defense of laches is prejudicial delay in the assertion of rights'" (Olowofela v Olowofela, 204 AD3d 821, 822, quoting Stein v Doukas, 98 AD3d 1026, 1028). "'To establish laches, a party must show: (1) conduct by an offending party giving rise to the situation complained of, (2) delay by the complainant in asserting his or her claim for relief despite the opportunity to do so, (3) lack of knowledge or notice on the part of the offending party that the complainant would assert his or her claim for relief, and (4) injury or prejudice to the offending party in the event that relief is accorded the complainant'" (Bricker v Thorsen, 230 AD3d 1095, 1097-1098, quoting Stein v Doukas, 98 AD3d at 1028). "In order for laches to apply to the failure of an owner of real property to assert his or her interest, 'it must be shown that [the] plaintiff inexcusably failed to act when [he or] she knew, or should have known, that there was a problem with [his or] her title to the property. In other words, for there to be laches, there must be present elements to create an equitable estoppel'" (Stein v Doukas, 98 AD3d at 1028, quoting Kraker v Roll, 100 AD2d 424, 432-433; see Bank of Am., N.A. v 414 Midland Ave. Assoc., LLC, 78 AD3d 746, 750). "'Equitable estoppel arises when a property owner stands by without objection while an opposing party asserts an ownership interest in the property and incurs expense in reliance on that [*3]belief'" (Olowofela v Olowofela, 204 AD3d at 822, quoting Bank of Am., N.A. v 414 Midland Ave. Assoc., LLC, 78 AD3d at 750).
Here, the defendant did not meet her prima facie burden of demonstrating the bar of laches as a matter of law. In light of the plaintiff's counsel's letter to the defendant cautioning her not to take any action to encroach upon the plaintiff's land south of the fence line, it cannot be said as a matter of law that the plaintiff failed to object while the defendant asserted an ownership interest in the property (see id. at 822-823; Bank of Am., N.A. v 414 Midland Ave. Assoc., LLC, 78 AD3d at 750; cf. Stein v Doukas, 98 AD3d at 1028).
Accordingly, the Supreme Court properly denied those branches of the defendant's cross-motion which were for summary judgment dismissing the cause of action for declaratory relief regarding the plaintiff's ownership of so much of the disputed property as was located south of the fence line for failure to join a necessary party and as barred by the doctrine of laches without regard to the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d at 853).
In light of the foregoing, we need not reach the defendant's remaining contention.
Since this is, in part, a declaratory judgment action, we remit the matter to the Supreme Court, Orange County, for the entry of a judgment, inter alia, declaring that the former fence constituted the boundary line between the parties' adjoining properties pursuant to the doctrine of practical location.
MILLER, J.P., FORD, LOVE and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court